DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LANCE LAROCCA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1824

[January 15, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Bernard I. Bober, Judge; L.T. Case No. 15-248CF10A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti III, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant was convicted of first-degree murder, armed burglary of a dwelling, and grand theft. Appellant's defense was self-defense. Appellant argues that the trial court failed to conduct a *Frye* hearing before permitting a toxicologist to testify that it was impossible to tell whether alcohol found in the victim's body was from the consumption of alcohol or from the process of the body decomposing.

Although *Frye* was the relevant standard for assessing expert testimony at the time of the trial, during the pendency of this appeal the Florida Supreme Court adopted the *Daubert* standard for admitting expert scientific testimony. *In re Amendments to Fla. Evidence Code*, 278 So. 3d 551, 551-52 (Fla. 2019).[1] We apply *Daubert* to the facts of this case because the amendment implementing *Daubert* is procedural and so the change applies retroactively. *Id.* at 552; *Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418, 425 (Fla. 4th DCA 2014). Additionally, "[u]nder

---

[1] *Daubert v. Merrell Dow Pharm.*, Inc., 509 U.S. 579 (1993); *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923).

Florida's 'pipeline rule,' the 'disposition of a case on appeal should be made in accord with the law in effect at the time of the appellate court's decision rather than the law in effect at the time the judgment appealed was rendered.'" *Kemp v. State*, 280 So. 3d 81, 88 (Fla. 4th DCA 2019) (citation omitted); *see also Perez v. Bell S. Telecomms., Inc.,* 138 So. 3d 492 (Fla. 3d DCA 2014) (applying *Daubert* retrospectively and concluding that affirmance was warranted under *Frye,* the standard considered by the trial court, or *Daubert,* the standard applied on appeal).

We find the trial court properly exercised its gatekeeping role under *Daubert* in admitting the toxicologist's testimony. Prior to rendering his opinion, the toxicologist discussed his relevant education, training, and experience as a toxicologist and medical examiner as well as the science supporting his opinion. *See Hedvall v. State*, 44 Fla. L. Weekly D2696 (Fla. 3d DCA Nov. 6, 2019) (finding no abuse of discretion in admitting detective's opinion on blood splatter where, prior to rendering opinion, detective testified as to his education, training, and experience in blood pattern analysis); *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1018 (9th Cir. 2004) (finding court satisfied its gatekeeping function despite failing to conduct a formal *Daubert* hearing).

Moreover, even if the trial court failed to perform its gatekeeping role, any error in admitting the toxicologist's testimony was harmless because the "testimony was cumulative of the medical examiner's testimony." *Hedvall*, 44 Fla. L. Weekly D2699. Under the harmless error test, the state has the burden "to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction." *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986). Here, the toxicologist's testimony was cumulative of the medical examiner's unobjected-to testimony that he could not determine what percentage of the alcohol in the victim's body was from body decomposition and what was from consumption by the victim.

For the reasons set forth above, we affirm. We affirm the other issues raised on appeal without comment.

*Affirmed.*

LEVINE, C.J., MAY and FORST, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

2